UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MAE DUMAS,

        Plaintiff,

vs.

Case No. 13-CV-14438
HON. GEORGE CARAM STEEH

BALDWIN HOUSE MANAGEMENT
d/b/a AMERICAN HOUSE
MANAGEMENT COMPANY, L.L.C.,
et al.,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT,
AND/OR ALTERATION OR AMENDMENT OF JUDGMENT, AND/OR
FOR A NEW TRIAL AND/OR TO AMEND THE COMPLAINT (DOC. # 20)
AND GRANTING PLAINTIFF'S MOTION FOR PAUPER STATUS (DOC. # 23)

On February 20, 2014, this court entered both its order granting defendants' motion to dismiss plaintiff's *pro se* employment discrimination complaint and a judgment in favor of defendants. On March 17, 2014, plaintiff filed both the motion captioned above as well as a notice of appeal of the court's February 20 ruling. Plaintiff also filed a "motion for pauper status," requesting that the court waive payment of the appellate filing fee. On March 31, 2014, the defendants filed their response brief and plaintiff filed her "brief in support of motion."

-1-

Although the general rule is that "a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals," Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir. 1993), the Sixth Circuit has determined it is within this court's discretion to consider a motion for reconsideration while the appeal is pending. See LSJ Investment Co., v. O.L.D., Inc., 167 F.3d 320, 324 (6th Cir. 1999).

The court has considered both plaintiff's initial one page motion filing as well as her brief in support. Both Rules 60 and 59 are addressed in those documents. Rule 59(e), addressing alteration of or relief from a court order or judgment, would require that plaintiff demonstrate a clear error of law, newly discovered evidence, an intervening change in the law, or manifest injustice. Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006). Rule 60 affords relief in the event of certain enumerated reasons, such as mistake; newly discovered evidence; fraud; a void or satisfied judgment; or another "reason that justifies relief." Fed. R. Civ. P. 60(b). The court finds that the assertions made by plaintiff in her most recent filings do not satisfy either standard. Plaintiff's additional, alternative request to amend the complaint is likewise without merit. Accordingly, the court hereby **DENIES** plaintiff's "Motion for Relief from Judgment, and/or Alteration or Amendment of Judgment, and/or for a New Trial and/or to Amend the Complaint" (Doc. # 20).

Plaintiff has also filed a motion for pauper status, listing the issues she wishes to pursue on appeal and including her supporting affidavit detailing her household financial situation and stating her inability to pay fees and costs. The court is satisfied

that plaintiff cannot afford the appellate filing fee and hereby **GRANTS** the motion for leave to proceed *in forma pauperis*, filed in compliance with Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated:  April 2, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 2, 2014, by electronic and/or ordinary mail and also on WillieMae Dumas, 2615 Martin L. King Avenue Flint, MI 48505-4941.

s/Barbara Radke
Deputy Clerk